IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELBERT STICKLER,

        Plaintiff,                    No. CIV S-08-0701 JAM DAD P

    vs.

BURKARD,

        Defendant.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, filed on May 2, 2008, plaintiff presents one claim for relief. Plaintiff contends that defendant was deliberately indifferent about his medical needs; however, plaintiff provides no allegations in support of this claim. Therefore, the court will dismiss the amended complaint and grant plaintiff leave to file a second amended complaint.

Plaintiff is advised of the following legal standards for an Eighth Amendment medical care claim. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

1    If a prisoner establishes the existence of a serious medical need, he must then
2 show that prison officials responded to the serious medical need with deliberate indifference.
3 Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials
4 deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in
5 which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94
6 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard
7 to medical care, however, "the indifference to his medical needs must be substantial.  Mere
8 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
9 Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at
10 105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and
11 "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer,
12 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

13    Delays in providing medical care may manifest deliberate indifference.  Estelle,
14 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in
15 providing care, a plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d
16 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332,
17 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v.
18 Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  "A prisoner need not
19 show his harm was substantial; however, such would provide additional support for the inmate's
20 claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091,
21 1096 (9th Cir. 2006).  See also McGuckin, 974 F.2d at 1060.

22    Finally, mere differences of opinion between a prisoner and prison medical staff
23 as to proper medical care do not give rise to a § 1983 claim.  Jackson v. McIntosh, 90 F.3d 330,
24 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662
25 F.2d 1337, 1344 (9th Cir. 1981).
26 /////

4

Plaintiff has also alleged in his amended complaint that some of his personal property was taken by defendant Burkard. Plaintiff is advised that the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). In light of plaintiff's allegations, it appears that he is attempting to allege an unauthorized intentional taking by defendant Burkard. Such allegations do not state a cognizable claim for the reasons set forth above and if plaintiff elects to file a second amended complaint, it should not include this due process claim.

In any second amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an

1 amended complaint be complete in itself without reference to any prior pleading.  This is
2 because, as a general rule, an amended complaint supersedes prior complaints.  See Loux v.
3 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
4 pleading no longer serves any function in the case.  Therefore, in the second amended complaint,
5 as in an original complaint, each claim and the involvement of each defendant must be
6 sufficiently alleged.

7         In accordance with the above, IT IS HEREBY ORDERED that:

8         1. Plaintiff's June 5, 2008 application to proceed in forma pauperis (Doc. No. 10)
9 is granted.

10         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
11 The fee shall be collected and paid in accordance with this court's order to the Director of the
12 California Department of Corrections and Rehabilitation filed concurrently herewith.

13         3. Plaintiff's amended complaint (Doc. No. 6) is dismissed.

14         4. Plaintiff is granted thirty days from the date of service of this order to file a
15 second amended complaint that complies with the requirements of the Civil Rights Act, the
16 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint
17 must bear the docket number assigned to this case and must be labeled "Second Amended
18 Complaint"; plaintiff shall use the form complaint provided by the court; failure to file a second
19 amended complaint in accordance with this order will result in a recommendation that this action
20 be dismissed without prejudice.

21         5. The Clerk of the Court is directed to provide plaintiff with the court's form
22 complaint for a § 1983 action.

23 DATED: September 8, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
stic0701.14a