THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DELBERT STICKLER, | ) | CIVIL NO. 2:08-00701 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| BURKARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## ORDER DIRECTING SERVICE

On September 8, 2008, United States Magistrate Judge Dale A. Drozd dismissed pro se prisoner Plaintiff Delbert Stickler's ("Plaintiff") amended complaint for failure to state a claim with leave to amend.[1] On October 6, 2008, Plaintiff filed a Second Amended Complaint against Defendant Burkard[2] ("Defendant"), a correctional officer at Mule Creek State Prison located in Ione, California, alleging constitutional violations pursuant to 42 U.S.C. § 1983. On January 5, 2009, this action was reassigned to the undersigned. Based on the

---

[1] Plaintiff is currently incarcerated at Mule Creek State Prison in Ione, California.

[2] Burkard's first name is unknown.

following, the court DIRECTS SERVICE of Plaintiff's Second Amended Complaint on Defendant.

## I. BACKGROUND

Although not entirely clear, Plaintiff's Second Amended Complaint alleges a violation of § 1983 based on Defendant's deliberate indifference to his medical needs, destruction of his religious materials, and throwing away and/or tampering with his legal documents. Specifically, Plaintiff alleges that Defendant (1) refused to allow him to have his inhaler that he needs to breathe; (2) threw away and/or tampered with his legal documents (including sealed legal correspondence); and (3) discarded his religious materials. Sec. Am. Compl. ("SAC") at 5. Plaintiff claims that Defendant was motivated to act by "prejudice against [Plaintiff's Muslim] religion." SAC at 5, unmarked page 7.[3]

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), the court must screen cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental agency. The court must dismiss a complaint or portion thereof if a plaintiff has raised claims that (1) are legally frivolous or malicious, (2) fail to

---

[3] Plaintiff includes an unnumbered, hand-written "note to be noted" attached to the court-approved complaint form, which the court treats as part of his Complaint and numbers accordingly.

state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Franklin*, 745 F.2d at 1227.

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## III.  DISCUSSION

### A.  Plaintiff's Claims against Defendant

Plaintiff's allegations against Defendant state a claim pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A and shall proceed, subject to future adversary proceedings.

### B.  Warnings

#### 1.  *Address Changes*

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Eastern District of California's Local Rules of Civil Procedure ("Local Rules"). Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

#### 2.  *Copies*

Plaintiff must submit an additional copy of every filing for use by the court.  *See* Local Rule 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### 3.  *Possible Dismissal*

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the court may dismiss this action without further notice.

4

*See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (stating that a district court may dismiss an action for failure to comply with any order of the court).

## IV.  CONCLUSION

In accordance with the above, the court hereby ORDERS as follows:

1. Plaintiff has stated a claim against Defendant and this claim shall proceed. Service upon Defendant is thereby appropriate.

2. The court DIRECTS the Clerk of the Court to send Plaintiff a copy of this Order, one USM-285 form, one summons, an instruction sheet, and one copy of the Second Amended Complaint filed October 6, 2008.

3. By **March 9, 2009**, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Two copies of the endorsed Second Amended Complaint filed October 6, 2008.

4.        Plaintiff need not attempt service on Defendant and need not request waiver of service.  Upon receipt of all the documents listed in number 3, the court will direct the Clerk of the Court to forward the completed forms to the United States Marshal to serve on the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5.        Plaintiff's failure to comply with this Order may result in automatic dismissal of this action.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, February 5, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Stickler v. Burkard*, Civ. No. 2:08-00701 JMS, Order Directing Service