THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT STICKLER, | ) CIVIL NO. 2:08-00701 JMS |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION TO DISMISS FOR |
| vs. | ) FAILURE TO EXHAUST |
| | ) |
| JEFFREY BURKARD, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST

### I. INTRODUCTION

Plaintiff Delbert Stickler ("Plaintiff") brings this action against Defendant Jeffrey Burkard ("Defendant"), a correctional officer at Mule Creek State Prison located in Ione, California, pursuant to 42 U.S.C. § 1983. The Second Amended Complaint ("SAC") alleges that Defendant violated Plaintiff's constitutional rights when he was deliberately indifferent to Plaintiff's medical needs, destroyed Plaintiff's religious materials, and threw away and/or tampered with Plaintiff's legal documents.

Currently before the court is Defendant's Motion to Dismiss for failure to exhaust administrative remedies. Plaintiff has filed no Opposition. Based on the following, the court GRANTS Defendant's Motion to Dismiss.

## II. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered through administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather provides an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial

administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20.

### III.  DISCUSSION

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. *See* Cal. Code Regs., Title 15 § 3084.1 (2009). The process is initiated by submitting a CDC Form 602. *Id*. § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id*. § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id*. § 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.

Defendant contends that Plaintiff did not exhaust his administrative remedies prior to filing this action because there are no records of Plaintiff filing any administrative appeals either screened or accepted for Director's Level review, meaning that Plaintiff has never utilized the inmate appeal procedure for any incident since his arrival within CDCR.  *See* Foston Decl. ¶ 9.  Plaintiff has filed no Opposition to rebut this evidence.  Accordingly, the court finds that the SAC must be dismissed for failure to exhaust.

As for whether the dismissal should be with or without prejudice, *Woodford* forecloses untimely exhaustion.  The exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Woodford*, 548 U.S. at 83.  Proper exhaustion requires compliance with an agency's deadlines and other critical procedural rules.  *Id*. at 90-91; *see e.g.*, *Rowe v. Montoya*, 2010 WL 703033, at *6 (E.D. Cal. 2010) (dismissing claims with prejudice where plaintiff failed to exhaust administrative appeals process); *Regan v. Frank*,  , at *4-5 (D. Haw. Jan. 9, 2007) (dismissing plaintiff's claims with prejudice for failure to timely exhaust administrative remedies as required under 42 U.S.C. § 1997e(a) prior to filing suit). The CDCR administrative appeals process requires that prisoner administrative appeals be submitted within fifteen days of receiving an adverse determination.  It appears

4

that Plaintiff did not pursue his administrative remedies and under *Woodford*, it is impossible for Plaintiff at this time to cure this defect.  Therefore, the dismissal based upon failure to exhaust is with prejudice.

## IV.  CONCLUSION

Based on the above, the court GRANTS Defendant's Motion to Dismiss the Second Amended Complaint.  This dismissal is WITH PREJUDICE, and Plaintiff is notified that this dismissal may count as a strike pursuant to 42 U.S.C. 1997e(a).  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 24, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Stickler v. Burkard*, Civ. No. 2:08-00701 JMS, Order Granting Defendant's Motion to Dismiss for Failure to Exhaust